**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

| | |
|---|---|
| REID POSTLE, individually and on behalf of classes of similarly situated individuals, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>FORTEGRA FINANCIAL CORPORATION, a Delaware corporation, and )<br>ENSURETY VENTURES, LLC d/b/a, )<br>OMEGA AUTO CARE, a Missouri corporation, )<br><br>*Defendants*. ) | **Case No. 3:17-cv-00889-BJD-JRK**<br><br>**Judge Brian J. Davis**<br><br>**Magistrate Judge James R. Klindt** |

## DEFENDANT ENSURETY VENTURES, LLC D/B/A OMEGA AUTO CARE'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Ensurety Ventures, LLC d/b/a Omega Auto Care, a Missouri corporation ("Omega" or "Defendant"), by and through undersigned counsel, hereby responds to Plaintiff, Reid Postle's ("Postle" or "Plaintiff"), Complaint filed on August 2, 2017 ("Complaint") as follows:

### NATURE OF ACTION

1.     Omega denies the allegations in paragraph 1 of the Complaint.

2.     Omega admits that Plaintiff purports to assert claims against it on behalf of a putative class for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Federal Communications Commission ("FCC") rules promulgated thereunder, 47 C.F.R. § 64.1200, but denies violating the TCPA and/or the FCC rules, and denies that this action may be properly maintained as a class action. Omega denies the remaining allegations in paragraph 2 of the Complaint.

3.     Omega admits Plaintiff purports to assert claims against it on behalf of a putative class, seeks injunctive relief, and other legal or equitable remedies, but denies that such relief is

1

available and denies the remaining allegations and legal conclusions contained in paragraph 3 of the Complaint.

<u>**JURISDICTION AND VENUE**</u>

4.      Omega neither admits nor denies the legal conclusions contained in paragraph 4 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 4 of the Complaint.

5.      Omega denies the allegations in paragraph 5 of the Complaint.

6.      Omega admits that this Court has personal jurisdiction over it and that it conducts business in Florida, but denies the remaining allegations in paragraph 6 of the Complaint.

7.      Omega admits that venue is proper in the United States District Court for the Middle District of Florida, but neither admits nor denies the legal conclusions contained in paragraph 7 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 7 of the Complaint.

8.      Omega admits that venue is proper in the Jacksonville Division of this District.

<u>**PARTIES**</u>

9.      As to the allegations in paragraph 9 of the Complaint regarding Plaintiff's residence, Omega is without knowledge or information sufficient to form a belief as to these allegations, and therefore denies the allegations.

10.      Omega is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the allegations.

11.     Omega admits that it is a Missouri corporation, but denies the remaining allegations in paragraph 11 of the Complaint.

## THE TELEPHONE CONSUMER PROTECTION ACT of 1991
## (TCPA), 47 U.S.C. § 227

**The TCPA's Restrictions on Calls to Cellular Telephones**

12.     Omega neither admits nor denies the legal conclusions contained in paragraph 12 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 12 of the Complaint.

13.     Omega neither admits nor denies the legal conclusions contained in paragraph 13 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 13 of the Complaint.

14.     Omega neither admits nor denies the legal conclusions contained in paragraph 14 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 14 of the Complaint.

15.     Omega neither admits nor denies the legal conclusions contained in paragraph 15 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 15 of the Complaint.

16.     Omega neither admits nor denies the legal conclusions contained in paragraph 16 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 16

3

of the Complaint.

17.    Omega neither admits nor denies the legal conclusions contained in paragraph 17 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 17 of the Complaint.

**The TCPA's Restrictions on Calls to Residential Telephone Numbers**

18.    Omega neither admits nor denies the legal conclusions contained in paragraph 18 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 18 of the Complaint.

19.    Omega neither admits nor denies the legal conclusions contained in paragraph 19 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 19 of the Complaint.

## FACTUAL ALLEGATIONS

**Fortegra and Omega's Marketing Arrangement**

20.    Omega is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the allegations.

21.    Omega is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies the allegations.

22.    Omega neither admits nor denies the legal conclusions contained in paragraph 22

32144283v1

of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 22 of the Complaint.

23.      Omega denies the allegations in paragraph 23 of the Complaint.

24.      Omega denies the allegations in paragraph 24 of the Complaint.

25.      Omega neither admits nor denies the legal conclusions contained in paragraph 25 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 25 of the Complaint. Omega denies the remaining allegations in paragraph 25 of the Complaint.

26.      Omega denies the allegations in paragraph 26 of the Complaint.

27.      Omega denies the allegations in paragraph 27 of the Complaint.

28.      Omega neither admits nor denies the legal conclusions contained in paragraph 28 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 28 of the Complaint.

29.      Omega neither admits nor denies the legal conclusions contained in paragraph 29 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 29 of the Complaint.

30.      Omega neither admits nor denies the legal conclusions contained in paragraph 30 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 30 of the Complaint.

31.     Omega neither admits nor denies the legal conclusions contained in paragraph 31 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 31 of the Complaint. Omega denies the remaining allegations in paragraph 31 of the Complaint.

32.     Omega neither admits nor denies the legal conclusions contained in paragraph 32 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 32 of the Complaint. Omega denies the remaining allegations in paragraph 32 of the Complaint.

33.     Omega neither admits nor denies the legal conclusions contained in paragraph 33 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 33 of the Complaint. Omega denies the remaining allegations in paragraph 33 of the Complaint.

34.     Omega neither admits nor denies the legal conclusions contained in paragraph 34 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 34 of the Complaint. Omega denies the remaining allegations in paragraph 34 of the Complaint.

35.     Omega neither admits nor denies the legal conclusions contained in paragraph 35 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 35 of the Complaint. Omega denies the remaining allegations in paragraph 35 of the Complaint.

36.     Omega neither admits nor denies the legal conclusions contained in paragraph 36 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 36

6

of the Complaint. Omega denies the remaining allegations in paragraph 36 of the Complaint.

37.     Omega neither admits nor denies the legal conclusions contained in paragraph 37 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 37 of the Complaint. Omega denies the remaining allegations in paragraph 37 of the Complaint.

38.     Omega neither admits nor denies the legal conclusions contained in paragraph 38 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 38 of the Complaint. Omega denies the remaining allegations in paragraph 38 of the Complaint.

39.     Omega neither admits nor denies the legal conclusions contained in paragraph 39 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 39 of the Complaint. Omega denies the remaining allegations in paragraph 39 of the Complaint.

**Plaintiff Postle**

40.     Omega is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies the allegations.

41.     Omega is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies the allegations.

42.     Omega denies the allegations in paragraph 42 of the Complaint.

43.     Omega neither admits nor denies the legal conclusions contained in paragraph 43 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To

7

the extent a response is required, Omega denies the legal conclusions contained in paragraph 43 of the Complaint. Omega denies the remaining allegations in paragraph 43 of the Complaint.

44.     Omega neither admits nor denies the legal conclusions contained in paragraph 44 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 44 of the Complaint. Omega denies the remaining allegations in paragraph 44 of the Complaint.

## CLASS ACTION ALLEGATIONS

45.     Omega incorporates its responses to paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     Omega admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. Omega denies the remaining allegations contained in paragraph 46 of the Complaint.

47.     Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Omega denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Omega denies the remaining allegations contained in paragraph 47 of the Complaint.

  (i)     Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Omega denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Omega denies the remaining allegations contained in paragraph 47(i) of the Complaint.

  (ii)    Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Omega denies this action may

8

be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Omega denies the remaining allegations contained in paragraph 47(ii) of the Complaint.

(iii)   Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Omega denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Omega denies the remaining allegations contained in paragraph 47(iii) of the Complaint.

(iv)   Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define a proposed class. Omega denies this action may be properly maintained as a class action and also denies the proposed class definition is proper or sufficient. Omega denies the remaining allegations contained in paragraph 47(iv) of the Complaint.

48.   Omega admits Plaintiff seeks to represent a class, but denies that a class action is appropriate and is, at this time, without full knowledge of Plaintiff's ability to serve as a class representative. Omega denies the remaining allegations contained in paragraph 48 of the Complaint.

49.   Omega is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies the allegations.

50.   Omega denies that this case should be a class action and therefore denies the allegations contained in paragraph 50 of the Complaint.

51.   Omega denies the allegations in paragraph 51 of the Complaint.

52.     Omega admits Plaintiff purports to assert claims against it on behalf of a putative class, seeks injunctive relief, and money damages, but denies that such relief is available.

53.     Omega denies that this case should be a class action and therefore denies the allegations contained in paragraph 53 of the Complaint.

54.     Omega denies that this case should be a class action and therefore denies the allegations contained in paragraph 54 of the Complaint.

55.     Omega denies that this case should be a class action and therefore denies the allegations contained in paragraph 55 of the Complaint.

56.     Omega denies the allegations in paragraph 56 of the Complaint.

57.     Omega denies the allegations in paragraph 57 of the Complaint.

58.     Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to establish common questions of law and fact. Omega denies this action may be properly maintained as a class action and also denies the common questions of law and fact is proper or sufficient. Omega denies the remaining allegations contained in paragraph 58 of the Complaint.

        a.   Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to establish common questions of law and fact. Omega denies this action may be properly maintained as a class action and also denies the alleged common question of law and fact is proper or sufficient. Omega denies the remaining allegations contained in paragraph 58(a.) of the Complaint.

        b.   Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to establish common questions of law and fact. Omega

denies this action may be properly maintained as a class action and also denies the alleged common question of law and fact is proper or sufficient. Omega denies the remaining allegations contained in paragraph 58(b.) of the Complaint.

c. Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to establish common questions of law and fact. Omega denies this action may be properly maintained as a class action and also denies the alleged common question of law and fact is proper or sufficient. Omega denies the remaining allegations contained in paragraph 58(c.) of the Complaint.

d. Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to establish common questions of law and fact. Omega denies this action may be properly maintained as a class action and also denies the alleged common question of law and fact is proper or sufficient. Omega denies the remaining allegations contained in paragraph 58(d.) of the Complaint.

e. Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to establish common questions of law and fact. Omega denies this action may be properly maintained as a class action and also denies the alleged common question of law and fact is proper or sufficient. Omega denies the remaining allegations contained in paragraph 58(e.) of the Complaint.

f. Omega admits Plaintiff purports to bring this action as a class action and

11

Plaintiff purports to establish common questions of law and fact. Omega denies this action may be properly maintained as a class action and also denies the alleged common question of law and fact is proper or sufficient. Omega denies the remaining allegations contained in paragraph 58(f.) of the Complaint.

g.  Omega admits Plaintiff purports to bring this action as a class action and Plaintiff purports to establish common questions of law and fact. Omega denies this action may be properly maintained as a class action and also denies the alleged common question of law and fact is proper or sufficient. Omega denies the remaining allegations contained in paragraph 58(g.) of the Complaint.

59.     Omega neither admits nor denies the legal conclusions contained in paragraph 59 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 59 of the Complaint. Omega denies the remaining allegations in paragraph 59 of the Complaint.

60.     Omega denies the allegations in paragraph 60 of the Complaint.

61.     Omega is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and, therefore, denies the allegations.

62.     Omega admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. Omega denies the remaining allegations contained in paragraph 62 of the Complaint.

32144283v1

## COUNT I
### Statutory Violations of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of all Classes and Subclasses.

63.     Omega incorporates its responses to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.     Omega neither admits nor denies the legal conclusions contained in paragraph 64 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 64 of the Complaint.  Omega denies the remaining allegations contained in paragraph 64 of the Complaint.

65.     Omega neither admits nor denies the legal conclusions contained in paragraph 65 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 65 of the Complaint.  Omega denies the remaining allegations contained in paragraph 65 of the Complaint.

66.     Omega denies the allegations contained in paragraph 66 of the Complaint.

## COUNT II
### Knowing and/or Willful Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of all Classes and Subclasses

67.     Omega incorporates its responses to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

68.     Omega neither admits nor denies the legal conclusions contained in paragraph 68 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 68 of the Complaint.  Omega denies the remaining allegations contained in paragraph 68 of the

Complaint.

69.     Omega neither admits nor denies the legal conclusions contained in paragraph 69 of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, Omega denies the legal conclusions contained in paragraph 69 of the Complaint.  Omega denies the remaining allegations contained in paragraph 69 of the Complaint.

70.     Omega denies the allegations contained in paragraph 70 of the Complaint.

71.     In response to the WHEREFORE clause following paragraph 70 of the Complaint, Omega admits that Plaintiff seeks such relief but denies that Plaintiff is entitled to it.

72.     As to any part of the Complaint not specifically admitted, denied, or discussed with respect to Omega, Omega hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, footnotes and wherefore clause. Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Omega pleads the following defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent expressly consented to, ratified, and/or acquiesced in receiving the subject alleged telephone calls.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23.

14

32144283v1

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class Plaintiff seeks to represent lack standing to bring this action because neither Plaintiff nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution. In addition, Plaintiff, upon information and belief, does not own the account for the phone number allegedly called.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff is pursuing this litigation as a class action, not to seek compensation for damages allegedly suffered, as contemplated by statute, but to seek to enrich himself by seeking disproportionate payments from Omega.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff fails to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because he cannot allege, any facts to suggest there are any other members of the proposed classes. Instead, Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed classes, or that Plaintiff will fairly and adequately protect the interests of the proposed classes. Rather, Plaintiff's Complaint merely parrots the language of Rule 23 of the Federal

15

Rules of Civil Procedure without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements for this case to proceed as a class action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited because the alleged damages to Plaintiff and/or the putative class Plaintiff seeks to represent were caused in whole or in part by the acts or omissions of third parties over which Omega had and has no control of/over, and/or by the acts or omissions of Plaintiff and/or the putative class members.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are limited to the extent any telephone calls that are alleged to have violated the TCPA are exempt from liability under the TCPA and/or the rules and regulations proscribed by the Federal Communications Commission.

**NINETH AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against Omega upon which relief can be granted because Omega did not and does not place calls using an ATDS as alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against Omega upon which relief can be granted because Omega did not and does not place calls using an artificial and/or prerecorded voice as alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because the alleged subject telephone calls complied with the requirements set forth in 47 C.F.R. §64.1200.

16

### TWELFTH AFFIRMATIVE DEFENSE

Omega did not knowingly or willfully make the alleged subject telephone calls or other alleged telephone calls in violation of the TCPA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Omega did not negligently make the alleged subject telephone calls or other alleged calls in violation of the TCPA.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are de minimis and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiff seeks to represent.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every purported cause of action contained therein that Plaintiff seeks to allege are barred because any alleged wrongdoing by Omega, which Omega denies, was caused by mistake.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because Plaintiff and/or the putative class failed to mitigate their damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Omega acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

32144283v1

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail, in whole or in part, because Plaintiff and/or the putative class failed to join all necessary and/or indispensable parties to this suit, as required by Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against Omega upon which relief can be granted because Omega did not and does not place calls in violation of the National Do-Not-Call List.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent fail to state a claim upon which relief can be granted because Plaintiff failed to satisfy and failed to allege satisfaction of all conditions precedent to bringing this action.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail because the alleged subject telephone calls were not made by equipment with capacity to generate random telephone numbers to be dialed and therefore, the equipment cannot be considered an ATDS. Indeed, the D.C. Circuit in *ACA Int'l v. Fed. Commc'ns Comm'n*, Appeal No. 15-1211 (D.C. Circuit), is currently reviewing a two-to-three decision of the Federal Communications Commission to determine, among other things, whether equipment can even be considered to constitute an ATDS if it merely has the potential (as opposed to present) capacity to generate random telephone numbers to be dialed.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail, in whole or in part, because any purported damages and/or injury alleged to have been suffered by Plaintiff and/or the putative class Plaintiff seeks to represent were self-induced and/or created by Plaintiff and/or the putative class Plaintiff seeks to represent.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief, and/or the claims for injunctive relief of the punitive class that Plaintiff seeks to represent, are barred, in whole or in part, because there is neither continuing harm nor any real and immediate danger of injury in the future to the Plaintiff or the punitive class Plaintiff seeks to represent.

## RESERVATION OF RIGHTS

Omega, Ensurety Ventures, LLC d/b/a Omega Auto Care, reserves the right to amend or add to its affirmative defenses upon discovery of new information or evidence or as justice so requires.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff, Reid Postle's Class Action Complaint, Omega, Ensurety Ventures, LLC d/b/a Omega Auto Care, prays as follows: (1) that Plaintiff takes nothing by virtue of the Complaint and that this Action be dismissed in its entirety; (2) that judgment be rendered in favor of Omega, Ensurety Ventures, LLC d/b/a Omega Auto Care; (3) that attorneys' fees and costs incurred in this Action be awarded to Omega, Ensurety Ventures, LLC d/b/a Omega Auto Care; and (4) that Omega, Ensurety Ventures, LLC d/b/a Omega Auto Care, be awarded such further and other relief as the Court deems just and proper.

Dated: October **5th**, 2017.

GREENSPOON MARDER, P.A.
By: */s/ Beth-Ann E. Krimsky*

Beth-Ann E. Krimsky (Trial Counsel)
Florida Bar # 968412
GREENSPOON MARDER
200 E. Broward Blvd, Suite 1800
Ft. Lauderdale, FL 33001-1949
Telephone:  (954) 734-1836
Fax:   (954) 213-0073
Email:  Beth-Ann.Krimsky@gmlaw.com
*Attorneys for Omega Ensurety Ventures, LLC*
*d/b/a Omega Auto Care*

19

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 5, 2017, I electronically filed the foregoing

Answer and Affirmative Defenses to the Complaint via transmission of Notice of

Electronic Filing generated by CM/ECF, which will forward copies of the same to all counsel of

record.

/s/ *Beth-Ann Krimsky*
Beth-Ann Krimsky

20

32144283v1