UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REID POSTLE, on behalf of himself and others similarly situated,

    Plaintiff,

v.                        Case No. 3:17-cv-00889-BJD-JRK

FORTEGRA FINANCIAL CORPORATION, and ENSURETY VENTURES, LLC, d/b/a, OMEGA AUTO CARE,

    Defendants.

_____

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | December 1, 2017 |
| **Motions to Add Parties or to Amend Pleadings** | May 11, 2018 |

Updated 5/2010

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Motion for Class Certification** | October 26, 2018[1] |
| **Disclosure of Expert Reports**<br>Initial Reports:<br>Rebuttal Reports: | September 14, 2018<br><br>November 16, 2018 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | December 14, 2018 |
| **Dispositive and Daubert Motions**<br>[Court requires 4 months or more before trial term begins] | March 22, 2019 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived).  Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month.  If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | February 2020 |
| **Estimated Length of Trial**  [trial days] | 7 days |
| **Jury / Non-Jury** | Jury |

---

[1] Defendants submit that, under Local Rule 4.04(b), Plaintiff's Motion for Class Certification was due on Tuesday, October 31, 2017.  Plaintiff maintains that the class certification deadline in this Joint Report and to be ordered by the Court should control.

| | |
|---|---|
| **Mediation** Deadline: | March 1, 2019 |
| **All Parties Consent to Proceed Before Magistrate Judge** If yes, the parties shall complete and <u>all</u> counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes____   No__X__ |

### I.  Meeting of Parties

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.)  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **October 23, 2017 via teleconference** at **1:30 p.m. EDT**  and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| James Boyle | **Plaintiff and the Proposed Class** |
| Matthew Wilson | **Plaintiff and the Proposed Class** |
| Michael Boyle | **Plaintiff and the Proposed Class** |
| Jeffrey Fisher | **Fortegra Financial Corporation** |
| Beth-Ann Krimsky | **Omega Auto Care** |
| William Tucker | **Omega Auto Care** |

II.     **Preliminary Pretrial Conference**

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

III.    **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by **December 1, 2017** (date).

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

**A. Certificate of Interested Persons and Corporate Disclosure Statement**

**The Parties have filed their respective Certificates of Interested Persons and Corporate Disclosure Statements**.

B.      **Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. Parties should exchange discovery in the most efficient way, which usually means electronically. In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle

District of Florida, and the Middle District of Florida's Discovery Handbook, available on the Court's website:

www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf.  Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline or those that fail to comply with the meet and confer requirements contained in Local Rule 3.01(g). The Court notes that the words "confer" and "good faith" contemplate the parties will exchange thoughts and arguments to try to resolve an issue and will not simply engage in a unilateral noticing that a motion will be filed.  In addition to agreeing to comply with the above, the parties agree as follows:

____**N/A**_____

   **C. Confidentiality Agreements/Motions to File Under Seal**

  Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

  The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential."  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  <u>See</u> Local Rule

4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: **The parties are presently meeting and conferring regarding whether a protective order is appropriate, and, if so, the form of such an order.**

D.   **Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: **The parties anticipate that discovery will be exchanged in native electronic formats where possible. The parties anticipate a further meet-and-confer process regarding electronic production once the parties have a better understanding of the nature of the electronic files that will be the subject of discovery.**

V.   **Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available

from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov. If the parties do not so designate, the Court will designate the mediator and the deadline for mediation. **The parties believe that private mediation of this matter will be the most productive vehicle for resolving this matter on a class-wide basis. In the experience of counsel, mediation is most productive in cases of this type after the parties have exchanged discovery and all sides have a clear handle on the scope of the proposed class and the legal issues and defenses in the case. For this reason, the parties jointly request that the Court enter an order relieving the parties from the normal process outlined in Chapter Nine of the Court's Local Rules, in favor of a mandatory deadline for the parties to engage in private mediation no later than March 1, 2019. The parties anticipate discussing scheduling mediation prior to the mandatory deadline.**

VI.   Requests for Special Handling

Requests for special consideration or handling (requests may be joint or unilateral):

__**None**_____

Date: **November 6, 2017**

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

**/s/ Michael J. Boyle, Jr. (Counsel for Plaintiff and the proposed class)**

**/s/ Jeffrey Fisher (Counsel for Fortegra Financial Corporation (*per email authorization*))**

**/s/ William Tucker (Counsel for Ensurety Ventures, LLC d/b/a Omega Auto Care (*per email authorization*))**